[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on May 19, 1998 at New Fairfield, Connecticut. By complaint dated January 8, 2001, the Husband instituted this action claiming a dissolution of marriage, equitable distribution of the marital property, real and personal, and other relief as law and equity might provide.
The Husband is age thirty-two and in good health. The Wife is in good health.
No children were born issue of this marriage.
Both parties were employed at the time of the marriage. The Husband was employed as firefighter for the Town of Ridgefield and a paramedic for the Danbury Hospital. The Wife was employed full-time as a medical technician at St. Raphael's Hospital in New Haven. During the marriage, the Wife voluntarily left her employment at St. Raphael's because she was undergoing serious emotional problems. After receiving outpatient treatment for both her emotional problems and alcoholism, the Wife resumed employment as a medical technician at the Danbury Hospital. She also started her own cosmetic business and worked part-time at a grocery store. After the parties separated in 2000, the Wife discontinued her employment and business venture in Connecticut and moved to Pennsylvania. The Wife is currently employed as a shift supervisor for Starbucks. Through her employment at Starbucks, the Wife receives medical benefits and participates in a pension plan. During the course of the marriage, the Husband and Wife purchased a home in Sherman, Connecticut. The purchase price of the home was $180,000. The mortgage of $170,000 and the deed are in the Husband's name. The down payment of $9000 for the home came from a joint account maintained by the couple. The Husband's contribution to the joint account was far more substantial than the Wife's. Additionally, the Husband had to borrow approximately $5000 from his grandparents in order to cover the closing costs of the newly purchased home. During the course of the marriage, the Husband and Wife owned separate motor vehicles. The monthly payment for the Wife's 1997 Honda Civic was $328.67, and those payments were automatically deducted from the Husband's checking account. On June 12, 2001, the parties entered into a stipulated agreement whereby the Wife agreed to remove the CT Page 17174 authorization for the automatic payment of her car loan from her Husband's checking account. The removal of the automatic payment authorization was to go into effect well in advance of the July payment. The Wife was to reimburse the Husband for the June payment of $328.69. The removal of the automatic payment authorization did not occur in June, instead, it occurred in September of 2001.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders, as well as the evidence, testimony and claims of law made by the parties.
 ORDERS
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on December 21, 2001.
ALIMONY
By agreement of the parties, neither party shall pay alimony to the other.
AUTOMOBILES
The Plaintiff shall keep his 1996 Honda Accord, and the Defendant shall keep her 1997 Honda Civic. The Defendant shall be responsible for the loan on her vehicle, and indemnify and hold the Plaintiff harmless therefrom.
BANK ACCOUNTS
Each party shall retain his or her own bank accounts without any claim from the other party. The parties have previously separated their joint funds.
DEFERRED COMPENSATION PLANS
The Plaintiff shall keep all interests in and to his union pension through the Ridgefield Fire Department and his pension through the New Fairfield Volunteer Fire Department, and the Defendant shall keep her interest in and to a pension at Chestnut Hill Hospital, Philadelphia, Pennsylvania. It is the understanding of the parties that neither is fully vested in these pensions. CT Page 17175
MEDICAL INSURANCE — WIFE
The Wife shall be responsible for her own medical insurance coverage.
PERSONAL PROPERTY
The parties have already divided their personal property to their mutual satisfaction.
REAL PROPERTY
The Husband shall retain the real property located at 4 Locust Lane, Sherman, Connecticut, free and clear of any claims by the Wife.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit, and the wife shall be responsible for the debts on her financial affidavit.
LUMP SUM PROPERTY SETTLEMENT
The Husband shall pay to the Wife, as a lump sum property settlement, the sum of $4000. Pursuant to pendente lite orders entered on June 12, 2001, the Wife owes to the Husband the sum of $1972.02 for car loan payments. Therefore, the Husband shall pay to the Wife, within thirty days of this dissolution, the sum of $2027.98.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees.
TAX RETURNS
The parties shall file separate tax returns for the year 2001 and thereafter.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Ginocchio, J.